UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | Case No. 20-CR-261 (ABJ)(RMM) |
| : | |
| GREGORY SIMPSON, : | |
| : | |
| Defendant.  : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(E) and 18 U.S.C. § 3142 (d)(1)(A)(iii) of the federal bail statute. The Government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

**I.  Procedural History**

The defendant is charged by Indictment with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1). At today's initial appearance, the government intends to orally move for detention pending trial pursuant to the above-referenced provision of the federal bail statute, and any additional provisions that may apply upon review of the Pretrial Services Agency report. Upon agreement with the defense and in light of the current national public health emergency related to COVID-19, the Government intends immediately to proceed to the detention hearing.

## II. Legal Authority and Argument

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f).  Specifically, the presentation of hearsay evidence is permitted.  Id.; United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996).  Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use."  United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986); United States v. Williams, 798 F. Supp. 34, 36 (D.D.C. 1992).  A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery.  Smith, 79 F.3d at 1210, see also Williams, 798 F. Supp. at 36.

There are four factors under Section 3142(g) that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release.  See 18 U.S.C. § 3142(g).  A review and understanding of the facts and circumstances in this case require the Court to conclude that there is no condition or combination of conditions that would assure the safety of the community. See 18 U.S.C. § 3142(e)(1).

### A.   Nature and Circumstances of the Offenses Charged

The first factor to be considered, the nature and circumstances of the offense charged weighs in favor of detention.  On October 11, 2020 at approximately 7:55 p.m., members of the Metropolitan Police Department, Gun Recovery Unit were on patrol and saw the defendant inside

2

a Nissan, Altima at or around the area of 2718 Douglas Place, Southeast, Washington, D.C.   When the officers approached the Nissan in their vehicle, they observed that the Nissan was occupied by three men.   There were two men in the front and the defendant was seated in the back passenger seat and, at the time, the Nissan was parked such that it was facing the officers' vehicle as they drove toward it.   When the officers car was in close proximity to the Nissan, their headlights streamed into the car and both Officers Jeskie and Smith observed the defendant lifting up his body and tilting his pelvis in such a way that provided him access his front waistband.   Additionally, those officers also saw the defendant making hand movements in his waistband area by reaching his right hand toward his groin area, inside of his pants.

At that point, the officers parked, got out of their car, and approached the Nissan.   Officer Jeskie went directly to the back passenger area of the car and, when he looked inside, he further observed the defendant manipulating what the officer believed to be an object in the groin-area of his jeans.   Based on the defendant's behavior up to that point, the officers believed that the defendant was in possession of a firearm and that was the object he was manipulating inside of his pants.   As a result, Officer Jeskie asked the defendant to get out of the car and opened the door in order to permit him to do so.

In response, the defendant slowly stepped out of the car and attempted to use both arms to cover the front of his waistband, obscuring the officers' view of that area.   Then, the defendant attempted to begin walking away by brushing past the officers, but other officers quickly stopped him.   Officer Sfoglia performed a pat down of the area where the firearm was believed to be and the officer felt a hard object consistent with that of a gun.   Defendant was then searched and officers recovered a firearm from the defendant's compression shorts, which he had on under his

jeans. The firearm was a black Glock 30 .40 caliber handgun bearing a serial number "EXY478US". The handgun was loaded with one round of ammunition in the chamber and ten rounds of .40 caliber ammunition in a ten-round capacity magazine.



**B.     Weight of the Evidence against the Defendant**

The second factor to be considered, the weight of the evidence, also weighs in favor of detention.  The evidence against the defendant is very strong.  The officers recovered the gun directly from the defendant's person, in the exact area where they saw him manipulating an object inside of his pants.  Beyond that, the entirety of the gun recovery was captured on at least three officers' body-worn cameras and an officer took several still photographs of the gun inside the defendant's pants and as they removed it from his compression shorts.

**C.     The Defendant's History and Characteristics**

The third factor, the history and characteristics of the person, similarly weighs in favor of detention.  At the time of the instant offense, the defendant is and remains on supervision for an Assault with Intent to Kill While Armed conviction, which he sustained under Case Number 2009 CF3 018480.  For that crime, the Court (Robert I. Richter, J.) sentenced the defendant to 108 months incarceration, to be followed by five years of post-release supervision; the defendant's

4

supervision began on October 6, 2017, and is set to expire on October 5, 2022. The facts of the underlying Assault with Intent to Kill While Armed offense are gravely concerning to the Government. Specifically, the defendant walked up to the victim, who had his back to the defendant, called out the victim's name, and before the victim could fully turn around, the defendant shot him in the back of the neck. As a result, the victim was paralyzed from the chest down.

Separately, while the Government will not outline the specific nature of the defendant's juvenile record, it urges the Court to review those convictions outlined on pages 3-4 of the Pre-Trial Services report.

### D. Danger to the Community

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. At the time of the instant offense gun offense, the defendant was on supervision for Assault with Intent to Kill While Armed, where he used a loaded firearm to shoot a victim at close range, resulting in the victim's paralysis from the chest down. There is no question then, that the defendant's possession of yet another fully loaded firearm raises dire concerns about the defendant's dangerousness.

The defendant's conduct of (1) possessing a loaded firearm, (2) while out in the community, and (3) while on supervision of Assault with Intent to Kill While Armed, militates the defendant's pre-trial detention, in that there is no condition or combination of conditions that would ensure the safety of the community. A firearm has the potential of causing meaningful bodily injury to innocent members of the community, to include death. For these reasons, the government submits that the Court should order the defendant's detention during the pendency of

5

this case to protect the community.

### III. Conclusion

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

> Respectfully submitted,
>
> MICHAEL R. SHERWIN
> ACTING UNITED STATES ATTORNEY
> New York Bar No. 4444188
>
> By:   /s/_____
> Kelly L. Smith
> New York Bar No. 5321971
> Assistant United States Attorney
> Federal Major Crimes Section
> United States Attorney's Office for D.C.
> 555 Fourth Street, N.W., Fourth Floor
> Washington, D.C. 20530
> E-mail: Kelly.Smith@usdoj.gov
> Telephone: (202) 436-5921

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel, this 25th day of November 2020.

> /s/_____
> Kelly L. Smith
> Assistant United States Attorney